## 11332

### EX PARTE CITIZENS BANK OF FAIRFAX

### WESTERN SHOE CO. INC., *ET AL.* v. CRADDOCK *ET AL.*

#### (119 S. E., 903)

1. COURTS—ORDER APPOINTING RECEIVER AND ORDER DIRECTING THAT GOODS BE TURNED OVER TO MORTGAGEE HELD NOT IN CONFLICT.—An order of the Circuit Judge requiring receiver of an insolvent merchant to turn over a stock of goods to mortgagee thereof *held* not in conflict with the order of another Circuit Judge appointing the receiver.

2. CHATTEL MORTGAGES—IN HANDS OF MORTGAGEE PRESUMED VALID AND UNPAID.—There is a presumption that a chattel mortgage in the hands of mortgagee is valid and unpaid.

3. CHATTEL MORTGAGES—REFUSAL TO ALLOW RECEIVER'S EXPENSES OUT OF PROCEEDS OF SALE BY CHATTEL MORTGAGEE HELD PROPER.—Where receiver was ordered to deliver a stock of goods to chattel mortgagee for sale under the mortgage, a refusal to allow receiver's expenses out of the proceeds of the sale is proper.

Before SEASE, J., Hampton, February, 1923.    Affirmed.

Action by Western Shoe Company, Inc., etc., and others, against F. G. Craddock, in which F. V. Mace was appointed Receiver. From an order requiring Receiver to turn over a stock of goods claimed by defendant to the Citizens' Bank of Fairfax, mortgagee thereof, Receiver appeals.

*Mr. J. A. Mace* for the Receiver, appellant.

*Mr. R. P. Searson,* for the petitioner-respondent, cites: *Holder of chattel mortgage with condition broken is owner of property:* 20 S. C., 20; 20 S. C., 514; 26 S. C., 110; 26 S. C., 331; 32 S. C., 368. *Genuineness of note not in issue under denial for want of information:* 120 S. C., 385; 101 S. C., 185; 105 S. C., 513.

November 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The Western Shoe Company brought an action in the nature of a creditor's bill against F. G. Craddock, an in-

solvent merchant.   The appellant, J. V. Mace, was ap-
pointed Receiver by Judge Peurifoy.   Subsequent to the
appointment of the Receiver, the Citizens' Bank of Fairfax
gave notice of a motion before Judge Sease for an order to
require the Receiver to turn over to it the stock of goods
formerly owned by Craddock, claiming title under two
chattel mortgages.   The record shows:

"The case was heard upon the verified petition, and
without taking any testimony whatever.   The following
documentary evidence was presented to the Court at this
hearing without objection, to wit:  Note and chattel mort-
gage executed by Craddock in favor of the Citizens' Bank
of Fairfax, for $3,200.00, dated the 8th day of December,
1921, showing record in the Clerk of Court's office on the
10th day of December, 1921; also note and chattel mort-
gage of F. G. Craddock for $3,500.00, in favor of the Citi-
zens' Bank of Fairfax, dated the 11th day of June, 1920,
showing record in the Clerk of Court's office on the 3d day
of July, 1920.   Both the above mortgages covering all the
property in controversy.

"After hearing from counsel for both sides, his Honor,
Judge Thos. S. Sease, passed the following order, dated
February 12, 1923:  'The above matter comes before me on
a rule directing J. V. Mace, Receiver, to show cause before
me why he should not be required to turn over to the peti-
tioner, Citizens' Bank of Fairfax, certain property covered
by a chattel mortgage with conditions broken, held by the
petitioner.   The motion is heard upon motion papers here-
tofore noticed before former Judge Peurifoy, whose com-
mission has expired, and also upon the records in the case.
It appears from the pleadings and the documentary evidence
before me that the petitioner is the holder of a bill of sale
or chattel mortgage covering the said property, and that the
condition of the same has been broken, which makes the
petitioner, in a legal sense, the owner, and entitling it to
possession of the property described in the said chattel

mortgage.   On motion of R. P. Searson, Esq., attorney for the petitioner, Citizens' Bank of Fairfax, it is ordered, that the Receiver, J. V. Mace, be, and he is hereby, required forthwith to deliver to the petitioner, Citizens' Bank of Fairfax, S. C., the following described property covered by the said \chattel mortgage, to wit: [Description of property.]   It is further ordered that the petitioner, Citizens' Bank of Fairfax, forthwith upon receipt of the above-described property from the Receiver, do proceed to advertise and sell the said above-described property at public outcry, in accordance with law, under the terms of its chattel mortgage, and that the proceeds thereof be applied to the indebtedness thereby secured, and if the proceeds resulting from the said sale amount to more than the amount due on the indebtedness secured by the chattel mortgage then such surplus shall be immediately paid over to the said Receiver by the Citizens Bank of Fairfax, S. C.'

"Thereafter, J. V. Mace, Receiver, gave notice of a motion for a return of the property to him as such Receiver, which notice, motion, and affidavit read as follows. * * *"

Judge Sease passed an order requiring the Receiver to turn over the stock of goods to the mortgagee, but required the mortgagee to foreclose its mortgage promptly, and turn over any surplus to the Receiver.   From this order the Receiver appealed.

I. The first assignment of error was that by his order Judge Sease overruled the order of Judge Peurifoy.   There was no conflict between the two orders.   Judge Peurifoy appointed a Receiver of the goods of Craddock.   When it was made to appear to Judge Sease that the Receiver had in his possession property to which the bank had the legal title, then Judge Sease ordered it restored to the bank, and the bank to foreclose its mortgage, and turn over the surplus, if any, to the Receiver. No error here.

II. The next assignment of error was that Judge Sease erred in not taking testimony as to the validity of the chattel mortgages. Testimony was taken without objection. The bank introduced its mortgages in evidence.

In *Gowdy v. Gowdy,* 83 S. C., 351; 65 S. E., 386, we find:

"There is a presumption that the bond and mortgage in the hands of the creditor were unpaid at the time of the sale, and the burden was on the defendants, the heirs-at-law of the mortgagor, who asserted payment, to prove it."

The mortgagee presented its mortgages without objection, and, inasmuch as there was no showing to the contrary, there was nothing else left for the Judge to do.

III. The Receiver claims that the bank surrendered possession of the merchandise to the Receiver by giving him the keys. The bank claimed that the key was delivered only for the purpose of inspection. The bank's claim is in full accord with all the probabilities of the case.

IV. The Receiver claims that there was error in the refusal of Judge Sease to allow Receiver's expenses out of the proceeds of sale. Appellant has cited no authority that requires a litigant to pay the costs and expenses of one who, without warrant of law, takes his property from him. If there shall be a surplus, then there may be something with which to pay these expenses.

The judgment appealed from is affirmed.